IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CAREN FINLEY, )
)
    Plaintiffs )
)
vs. ) Case No.: _____
) Judge: _____
ASURION INSURANCE SERVICES, INC. )
d/b/a and/or a/k/a ASURION )
CORPORATION, Employer and CIGNA )
GROUP INSURANCE COMPANY, )
THIRD-PARTY PLAN ADMINISTRATOR, )
)
    Defendants. )

## COMPLAINT

COMES NOW Caren Finley, by and through counsel, D. Russell Thomas and Melinda K. Brown, who would state and show as follows:

I.

Plaintiff resides at 380 Wilmouth Center Road, Liberty, TN 37094. She is thus a resident of the Middle District of Tennessee.

II.

Plaintiff is a former employee of the Asurion Insurance Services, Inc., d/b/a and/or a/k/a Asurion Corporation hereafter referred to as "Asurion" who has an address at 648 Grassmere Park, Suite 300, Nashville, TN 37211. This is in Davidson County and in the Middle District of Tennessee.

1

III.

While employed by the Defendant, "Asurion", Plaintiff was covered by Defendant Asurion's Employee Group Health Benefits Plan. The Plan was, at all relevant times hereto, administered by Cigna Insurance Company (hereinafter referred to as the "Plan Administrator"). The Plan Administrator has its place of business in Dallas, Texas.

IV.

Plaintiff avers that the Health Insurance Benefits Plan (hereinafter referred to as "Plan") is an employee benefit and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (hereinafter ERISA). Plaintiff further avers that the Defendant Plan Administrator and Defendant Asurion are both "fiduciaries" of the Plan under ERISA, 29 U.S.C. § 1102 and that she was a Plan Beneficiary at all times relevant times hereto.

V.

Plaintiff had a longstanding history of chronic neck and back pain, bilateral shoulder pain, bilateral carpal tunnel syndrome, bilateral foot surgeries for bone spurs, bilateral elbow pain, arthritis, neuropathy, hyperlipidemia, hypertension, high cholesterol, anxiety, and depression. She treated with Dr. Steven Payne, Dr. Roderick Vaughan, Dr. Paul Jackson, Dr. Ashok Saha, Dr. George Lien, Dr. William Ledbetter, Dr. Thomas O'Brien, Dr. Edward Mackey, Dr. Juris Shibayama, Dr. Marivi Niebauer, Dr. Christian Vissers, and Dr. Bradley Hill for these conditions and underwent extensive diagnostic testing and treatment from September 2003 to the present for these conditions. In 2008 Plaintiff was

referred to pain management due to her continuing symptoms. The last day Plaintiff worked was May 1, 2008. She could not return to work because of her multiple medical conditions and was released by her employer. She has not worked since.

VI.

Plaintiff stopped work and has remained off of work since May 2, 2008 under the care of Dr. Payne, Dr. Jackson, Dr. Saha, and Dr. Shibayama, who believe that she is 100% permanently and totally disabled. Plaintiff has been evaluated by the Social Security Administration who also report that she is 100% permanently and totally disabled. It is in conformity with the overwhelming weight of the evidence.

VII.

Contrary to the medical proof in the case, the Plan Administrator concluded that a review of medical records performed by Dr. Robert Burr and a Functional Capacity Evaluation performed by a physical therapist outweighed the medical opinions of Plaintiff's treating physicians. Plaintiff avers that this is an abuse of discretion and is an opinion that is not supported by substantial evidence. The initial letter of denial was dated November 18, 2010. The appeal of that decision was dated August 25, 2011. The final denial of March 5, 2012 denied Plaintiff's claims under the policy in violation of the terms of the policy.

VIII.

Plaintiff avers that she was at the time of denial, is, and will remain 100% permanently and totally disabled and that she is entitled to full benefits under the long term disability plan.

IX.

Plaintiff avers that the Defendants have breached their fiduciary duties owed to her as a beneficiary under the Plan. Plaintiff further avers that she is entitled to maintain an individual action to recover benefits due her under the Plan, to enforce her rights under the Plan, and for an equitable remedy for the Defendants' breach of their fiduciary duties. 29 U.S.C. § 1132(a)(1)(B); (a)(3)(B); see Barity Court v Howe, 116 S.Ct. 1065 (1996).

X.

Plaintiff further avers that her premiums were fully paid and that she was improperly denied long-term disability benefits upon the arbitrary and capricious exercise of discretion by the Plan Administrator. The decision to deny her benefits is not supported by substantial evidence and should be overturned. The denial of benefits amounts to a breach of contract.

WHEREFORE, premises considered, Plaintiff respectfully requests the following relief:

1) That Defendants Asurion Corporation and Cigna Group Insurance, Third-Party Plan Administrator pay all the reasonable and necessary long term disability benefits liable to her as a beneficiary under the Plan including interest;

2) That Defendants be required to pay Plaintiff's reasonable attorneys fees and costs in connection with this action pursuant to 29 U.S.C. § 1132(g);

3) That Plaintiff have such other, further, general, and equitable relief as justice shall require.

Respectfully submitted,

D. Russell Thomas, #6014
Attorney for Plaintiff
138 South Cannon Ave.
Murfreesboro, TN 37129
(615) 848-1818